**CENTER FOR BIOLOGICAL DIVERSITY, et al.,**
Plaintiffs,

v.

**U.S. FISH AND WILDLIFE SERVICE, et al., Defendants.**

**No. CIV.A. 03–1110(JDB).**

United States District Court,
District of Columbia.

Dec. 14, 2004.

James B. Dougherty, Law Office of J.B. Dougherty, Washington, DC, Judith M.

Brawer, Advocates for the West, Boise, ID, for Plaintiffs.

Robert Lee Gulley, U.S. Department of Justice, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

BATES, District Judge.

In this action brought under the citizen suit provision of the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, the Center for Biological Diversity and the Western Watersheds Project (collectively, "plaintiffs") challenge as arbitrary and capricious the finding of the U.S. Fish and Wildlife Service ("FWS") that the listing of the Montana fluvial arctic grayling (a salmonid fish) as a threatened or endangered species is "warranted but precluded" by other priorities, and that "expeditious progress" is being made to address these other priorities. 16 U.S.C. § 1533(b)(3)(B)(iii). Plaintiffs also claim that the FWS has failed to comply with the ESA by declining to emergency list the grayling as a threatened or endangered species. *Id.* § 1533(b)(3)(C)(iii).

This litigation commenced in May 2003, when plaintiffs filed a complaint challenging the decade-long finding of the FWS, determined most recently in its 2002 Candidate Notice of Review ("CNOR"), that listing the grayling as threatened or endangered under the ESA was "warranted but precluded" by other administrative priorities. The parties filed cross-motions for summary judgment. At a hearing on the motions held on April 20, 2004, FWS explained that it would soon be publishing a new CNOR that would update the agency's findings on the grayling. Two weeks later, the FWS published the new CNOR ("the 2003 CNOR"), which again declined to list the grayling as threatened or endangered

and instead continued to describe the listing of the grayling to be "warranted but precluded." In papers filed after the hearing, FWS argued that the 2003 CNOR had made the complaint against the 2002 CNOR moot. Plaintiffs responded that since a new CNOR was published roughly every year, the agency's failure to list the grayling came within the "capable of repetition yet evading review" exception to the mootness doctrine.

The Court concluded that "expedited briefing on a complaint amended to reflect plaintiffs' objections to the new CNOR" would "provide the best opportunity for timely, meaningful judicial review." Mem. and Order dated July 6, 2004. In the ensuing months, plaintiff filed an amended complaint and the parties briefed renewed cross-motions for summary judgment. On December 3, 2004, the Court held a hearing on the renewed motions for summary judgment. FWS revealed at this hearing that yet another CNOR was in the works, but explained that it would not be arguing mootness this time around and that it was prepared to proceed on the basis of the challenge to the 2003 CNOR.

The ESA creates a scheme wherein the FWS is permitted to categorize the listing of the grayling as "warranted but precluded" only if it finds that listing is "precluded" by other priorities and that "expeditious progress" is being made on those priorities. Specifically, the statute requires the FWS to find that listing "is precluded by pending proposals to determine whether any species is an endangered species or a threatened species" and that "expeditious progress is being made to add qualified species to either of the lists [of threatened and endangered species] and to remove from such lists species for which the protections of this chapter are no longer necessary." 16 U.S.C. § 1533(b)(3)(C)(i). The statute also makes

these findings subject to judicial review. *Id.* § 1533(b)(3)(C)(ii). A House Conference Report indicates that in cases "challenging the Secretary's claim of inability to propose an otherwise warranted petitioned action, the court will, in essence, be called on to separate justifications grounded in the purposes of the act from the foot-dragging efforts of a delinquent agency." H. Conf. Rep. No. 97–835, at 21–22 (1982), *reprinted in* 1982 U.S.C.C.A.N. 2860, 2863 (emphasis added). It is precisely such foot-dragging that plaintiffs insist is at work here.

FWS defends its "warranted but precluded" determination in the 2003 CNOR by noting that it has taken final listing actions for 14 species since June 2002, and that it has been sensitive to the plight of the grayling (by, for example, increasing the grayling's priority level to a "3" in the most recent CNOR [1]). 69 Fed.Reg. at 24,881, 24885. Plaintiffs counter that 14 listings is far fewer than the number of listings FWS had made in similar periods in the past ten years (between 1996 and 1997, for example, FWS listed approximately 149 candidate species as threatened or endangered), and that each of the 14 listing actions have resulted from court orders or settlement agreements, not from voluntary listing by FWS. Plaintiffs also point out that the increase in the priority level of the grayling accomplishes little for the grayling if the FWS will only list species in reaction to litigation.

FWS therefore places a great deal of weight, in both its 2003 CNOR and its papers to this Court, on the constraints under which it says it is operating. It emphasizes that Congress has appropriated a limited budget for listing activities, and that "the bulk of the funds that would be otherwise available for adding qualified species to the list in FY 2003 and FY 2004 have been spent or will be spent on complying with court orders and court-approved settlement agreements to designate critical habitat and make petition findings." 69 Fed.Reg. at 24,885. FWS maintains that it has used the resources available to it efficiently and productively and that it has therefore been making "expeditious progress" in the light of its financial limitations and judicial obligations.

The Court cannot meaningfully assess whether the agency has efficiently used the resources available to it simply by taking the agency at its word. *See Ctr. for Biological Diversity v. Norton*, 254 F.3d 833, 839 (9th Cir.2001) ("warranted but precluded" finding is arbitrary and capricious where there is "no basis to evaluate the Secretary's conclusion that immediate action is precluded by other more urgent matters"). Although the scope of review of an agency finding is narrow, and a court is not to substitute its judgment for that of the agency, the agency must at least "examine the relevant data and articulate[ ] a reasoned explanation for its action," and the reviewing court must determine "whether the record, taken as a whole, contains such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Salt River Project Agric. Improvement and Power Dist. v. United States*, 762 F.2d 1053, 1058 (D.C.Cir.1985); *St. Luke's Hosp. v. Thompson*, 224 F.Supp.2d 1, 5 (D.D.C. 2002) (agency action is "arbitrary and ca-

---

**1.** All species that are candidates for listing are assigned a listing priority number that ranks the species according to several factors. *See* 48 Fed.Reg. 43,098 (Sept. 21, 1983). Listing priority numbers range from "1" (highest priority) to "12" (lowest priority). *Id.* at 43,102.

In the 2003 CNOR, the FWS elevated the priority of the grayling from a "9" to a "3", the highest score it can achieve as a "population segment" of a species. *See* 69 Fed.Reg. 24876, 24,881 (May 4, 2004); 48 Fed.Reg. at 43,103.

pricious" if it is "unsupported by substantial evidence" in the record).

Were the agency to assert that listing of the grayling was precluded because other species had a higher priority biologically, the Court would undertake a review of the record to ensure that there is an adequate foundation in the evidence for that finding. *See Ctr. for Biological Diversity*, 254 F.3d at 839 (" '[T]he Secretary must determine and present evidence that [s]he is, in fact, making expeditious progress in the process of listing and delisting other species.' ") (quoting H. Conf. Rep. No. 97–835, at 22). The duty of the Court to review the basis for the agency's finding is no different when the agency justifies its failure to list the grayling by citing the budget caps and court orders under which it operates. *See Ctr. For Biological Diversity v. Norton*, 2004 WL 1406325, at *7 (D.Or. June 21, 2004) (remanding for further findings by FWS where CNOR merely "described the budgetary restraints followed by a recitation of listing actions defendant has funded" and "does not explain the reasons why actions for the identified species are deemed higher in priority, or why such actions result in the preclusion of [other] listing actions").

FWS has provided the Court with scant support in the current record for its findings that listing for the grayling was "precluded" by financial and legal restraints and that it is making "expeditious progress" in the context of those restraints. FWS refers the Court to the CNOR itself, but that document contains little more than a list of species for which listing activities were taken in previous years, a list of species for which FWS anticipates taking listing activities in the upcoming year, and a statement that the amount of money appropriated for listing activities was insufficient to do anything more in light of the many court orders with which FWS must comply. That plainly does not provide an adequate basis for the Court to assess the support of the agency's finding. *See id.* at *7 ("simply stating that there isn't enough money does not constitute a description and evaluation of the reasons" underlying defendant's "warranted but precluded" and "expeditious progress" findings).

Outside of the CNOR, FWS cites to conspicuously few sections of the record to support its finding that budget constraints and litigation demands have exhausted its listing resources. The FWS devoted much of its brief to this contention, and even more of its argument at the hearing, but has had little success in anchoring the finding in the record. At this point in the proceedings, therefore, the Court has no choice but to conclude that FWS has not directed it to substantial evidence in the record to support its position. Support in the record for that position will require, at the very least, evidence in some detail of the agency's budget for listing activities for each of the last few years, a description of the court orders and settlements that have required listing activities, and an accounting of how the listing activities mandated by litigation have reasonably exhausted available resources.

Accordingly, the Court orders FWS to supplement the record to provide a fuller evidentiary basis for its findings consistent with this opinion. *See Esch v. Yeutter*, 876 F.2d 976, 991 (D.C.Cir.1989) (courts may require the supplementation of the record "when agency action is not adequately explained in the record before the court"); *Ctr. for Biological Diversity*, 2004 WL 1406325, at *7 (requiring agency to provide updated "warranted but precluded" finding where agency simply cited budgetary restraints for its failure to list species, with no description of the nature of the higher

priority items). Along with supplementing the record, FWS is welcome to cite any portions of the existing record that it believes supply the information required by the Court.

Accordingly, it is on this 14th day of December, 2004, hereby

ORDERED that [37] defendants' renewed motion for summary judgment is DENIED without prejudice to renewal; and it is further

ORDERED that [39] plaintiffs' renewed motion for summary judgment is DENIED without prejudice to renewal; and it is further

ORDERED that FWS shall, by not later than January 13, 2005, submit to the Court and to the Plaintiffs:

(1) a general description of categories of activities for which FWS expended the appropriation for "listing activities" (including the designation of critical habitat for already listed species), in fiscal year ("FY") 2000 to FY 2004;

(2) a brief description of the work involved in each type of listing activity (including the designation of critical habitat for already listed species), and the average cost of completing each type of activity;

(3) documentation of the amount of money appropriated for listing activities (including the designation of critical habitat for already listed species), in each of FY 2000 to FY 2004;

(4) documentation of the amount of money FWS budgeted for all of its anticipated listing activities (excluding the designation of critical habitat for already listed species) in each of FY 2000 to FY 2004, and a description of how its expenses for actual listing activities each year compared to its budget;

(5) a list of all court-mandated listing activities (excluding the designation of critical habitat for already listed species) on which the FWS expended funds between October 1, 1999 and May 4, 2004, providing the date on which the mandated activity was to be completed, the date on which the activity was completed, if it has been, the species involved, the priority rank of the species, a description of the case and the nature of the settlement or court order, the amount of the appropriation for the listing activities that FWS estimates was expended on that activity in each of FY 2000 to FY 2004, and, if that amount differed significantly from the average cost for such an activity, a brief description of why that amount was different;

(6) a list of all listing activities (excluding the designation of critical habitat for already listed species) undertaken between October 1, 1999, and May 4, 2004, that were not mandated by a court, including the species involved, the amount expended and an explanation why FWS elected to work on that species rather than other candidate species;

(7) identification of the places in the record where the above information can be found to the extent that FWS believes the information required is already provided in the existing administrative record before this Court; and it is further

ORDERED that FWS's second renewed dispositive motion shall be filed by not later than February 3, 2005; plaintiffs' cross-motion and opposition shall be filed by not later than February 24, 2005; FWS's opposition and reply shall be filed by not later than March 7, 2005; and

plaintiffs' reply shall be filed by not later than March 18, 2005.